UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES MARK HINKLEY, a.k.a. JAMES HINKLEY,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | NO. CV-10-5119-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Magistrate Judge Hutton filed a Report and Recommendation on October 19, 2010, recommending Mr. Hinkley's's habeas corpus petition be dismissed for lack of personal jurisdiction, and, in the alternative, under Rule 4, Rules Governing § 2254 Cases, as it appeared plain from the documents presented that Petitioner was not entitled to relief. Petitioner filed an Objection on November 1, 2010 (Ct. Rec. 9), along with a letter and a Motion to Amend Respondent (Ct. Rec. 10)[1].

Petitioner's federal habeas claim is based on an alleged double jeopardy violation when the "same offense" supported two separate charges. Under *Blockburger v. United*

---

[1] Mr. Hinkley attempts to fix the personal jurisdiction problem under Rule 2, Rules Governing § 2254 Cases, by naming his present custodian as Respondent. Even if this deficiency was cured, Mr. Hinkley still is not entitled to federal habeas relief.

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION -- 1

*States*, 284 U.S. 299, 304 (1932), even if multiple charges constitute the "same offense," the imposition of cumulative punishment does not violate the Double Jeopardy Clause as long as it does not contradict legislative intent. *See Whalen v. United States,* 445 U.S. 684, 692 (1980); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983) ("[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

In his Objection, Mr. Hinkley contends the Magistrate Judge's recommendation to dismiss his double jeopardy claim was wrong based on *Ball v. U.S.*, 470 U.S. 856 (1985). Petitioner's reliance on *Ball* is misplaced.   In that case, the U.S. Supreme Court reviewed two federal statutory provisions and  found the U.S. Congress had not intended to subject a felon to two convictions for the criminal act of receiving and possessing the same weapon.

In contrast, the  Washington State legislature clearly intended that sentences for theft of a firearm and unlawful possession of a firearm be served consecutively. RCW 9.94A.589(1)(c). *See State v. Kelley*, 168 Wn.2d 72, 78, 226 P.3d 773 (2010)(imposition of a firearm enhancement where use of a firearm is also an element of the underlying crime does not violate double jeopardy because the legislature clearly intended that result.).   Indeed, Mr. Hinkley concedes the Washington State legislature intended separate sentences for multiple firearm charges.

Federal courts must defer to Washington's interpretation of its own laws. *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003).  Therefore, Mr. Hinkley is not entitled to federal habeas relief on his claim of double jeopardy violations.  For the reasons set forth above and in the Report and Recommendation **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety** and the present petition is **DISMISSED** under Rule 4, Rules Governing § 2254 Cases, as it appears plain from the documents

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION -- 2

presented that Petitioner is not entitled to relief.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this   12th   day of November, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION -- 3